UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REV. CHARISSE ZODDIE CHARLEY,

Plaintiff,

Case No. 26-cv-1936-pp

v.

UNITED HEALTHCARE OPTUM SERVICES INC.,
OPTUMSERVE HEALTH SERVICES, INC.
and UNITED HEALTH GROUP,

Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

On July 20, 2026, plaintiff Reverend Charisse Zoddie Charley, who is representing herself, filed a complaint alleging an employment-based discrimination and hostile-work environment claim. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will deny that motion.

## I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff states that she is unemployed and unmarried. Dkt. No. 3 at 1. She receives $2,760 each month in court-ordered support until she is remarried. Id. at 2. She pays $800 in rent, $900 a month for a car payment and $38 a month in credit card payments. Id. at 2-3. She owns a 2025 Jeep Cherokee valued at approximately $25,000. Id. at 3. She reports no household expenses such as groceries, clothing or utilities. Id. She reports having $25.43 in a bank account. Id.

The court finds that the plaintiff has the ability to prepay the $405 filing fee and will deny her motion for leave to proceed without doing so. The plaintiff receives $33,120 annually in court-ordered support until she is remarried. Her annual income exceeds the $15,960 federal poverty level for a single person. See Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1797, 1798 (Jan. 15, 2026). She receives that income in monthly installment s of $2,760; she reports monthly expenses of only $1,738—$1,022 less than her monthly support income. She reports under "other circumstances" that she contributes only $230 per month to the "rent car payment and other bill amounts," and that her family helps with the rest as best they can; this may mean that the plaintiff has even more than $1,022 in disposable income available to her. Under these circumstances, the court cannot conclude that the plaintiff is indigent.

## II. Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must pay the full $405 filing fee by the end of the day on **December 11, 2026**. If the court does not receive the full filing fee by the end of the day on **December 11, 2026**, the court will dismiss the case without prejudice on the following business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 19th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**